IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARBOUR, | No. CIV S-11-1888 CMK P |
| Plaintiff, | |
| vs. | ORDER |
| U.S. COURTHOUSE, CENTRAL DISTRICT OF CALIFORNIA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the defendant(s) are located and the claim arose in Los Angeles County, which is in the Central District of California. Therefore, plaintiff's claim should have

1

1 | been filed in the United States District Court for the Central District of California.  In the interest
2 | of justice, a federal court may transfer a complaint filed in the wrong district to the correct
3 | district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4 |     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
5 | United States District Court for the Central District of California.

7  DATED: December 9, 2011

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE

13 /mp
   barb 11cv1888.21a